## PACIFIC & ATLANTIC TELEGRAPH CO. OF THE UNITED STATES v. COMMISSIONER OF INTERNAL REVENUE.

### No. 136.

Circuit Court of Appeals, Second Circuit.
May 11, 1936.

Francis R. Stark and Robert C. Barnett, both of New York City (Francis R. Stark, of New York City, of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Morton K. Rothschild, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The taxpayer, Pacific & Atlantic Telegraph Company, on December 16, 1873, leased its entire property to the Western Union Telegraph Company for 999 years for a rental payable direct to the stockholders of the lessor company. The lease is the same one considered by this court in one of the two cases reported in Western Union Tel. Co. v. Commissioner, 68 F.(2d) 16. In all material respects, so far as any tax question is concerned, the lease presents the same issues involved in Gold & Stock Telegraph Company v. Commissioner (C.C.A.) 83 F.(2d) 465, in which the opinion is to be filed herewith. In the present case it does not appear that Western Union made indorsements on the stock of its lessor Pacific & Atlantic Telegraph Company, but it was agreed that the lessee, instead of

making payment of rent to the lessor, should pay the rental reserved to the several stockholders of the lessor ratably and in proportion to the number of shares of stock held by each stockholder. The annual rental payable to the lessor's stockholders ratably was at $80,000 per annum, and the Western Union was to pay to the lessor in addition such sum or sums as might be requisite for maintenance of the latter's organization, not exceeding in the aggregate $2,500 per year. During the whole period with which we are concerned a majority of the stock was held by the Western Union. The Board of Tax Appeals held that the rent reserved which under the agreement was payable directly by the lessee to the stockholders in proportion to their holdings, was income taxable against the lessor, not only so far as it was applicable to stock held by third parties, but also to stock held by the Western Union.

For the reasons stated in Gold & Stock Telegraph Company v. Commissioner, the order of the Board of Tax Appeals is affirmed.